IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Hugo Mejia, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   12 C 2867 |
| Equable Ascent Financial, LLC, a Delaware limited liability company, and National Action Financial Services, Inc., a Georgia corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Hugo Mejia, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) most of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

### PARTIES

3. Plaintiff, Hugo Mejia ("Mejia"), was a citizen of the State of California, who now resides in the State of Michigan, from whom Defendants attempted to collect a delinquent consumer debt owed for a Chase Bank account, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for

Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Equable Ascent Financial, LLC ("Equable"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Buffalo Grove, Illinois, Equable operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Equable was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. Defendant Equable is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors.

6. Defendant, National Action Financial Services, Inc. ("NAFS"), is a Georgia corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. NAFS collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant NAFS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

7. Defendants Equable and NAFS are each authorized to conduct business in Illinois and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Equable and NAFS both conduct business

in Illinois.

8. Moreover, Defendants Equable and NAFS are each licensed as a collection agency in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Defendants Equable and NAFS both act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Mr. Mejia is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills, including a consumer debt he owed for a Chase Bank account. At some point in time after that debt became delinquent, it was bought by Defendant Equable, and when Equable began trying to collect this debt from Mr. Mejia, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions.

10. Specifically, Defendant Equable hired another debt collector, FMA Alliance, Ltd. ("FMA") to demand payment of the Chase Bank debt from Mr. Mejia. Accordingly, on September 2, 2010, one of Mr. Mejia's attorneys at LASPD informed Defendant Equable, through its agent, FMA, that Mr. Mejia was represented by counsel, and directed Equable to cease contacting him, and to cease all further collection activities because Mr. Mejia was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

11. Nonetheless, despite being advised that Mr. Mejia was represented by counsel and refused to pay the debt, Defendant Equable hired Defendant NAFS to demand payment from Mr. Mejia of the Chase Bank debt. On September 20, 2011, Defendants sent Mr. Mejia a collection letter, which demanded payment of the Chase

3

Bank debt.  A copy of this collection letter is attached as Exhibit D.

12.	Accordingly, on December 19, 2011, Mr. Mejia's LASPD attorneys had to send Defendants another letter, directing them to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit E.

13.	All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14.	Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And To Cease Collections

15.	Plaintiff adopts and realleges ¶¶ 1-14.

16.	Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

17.	Here, the letters from Mr. Mejia's agent, LASPD, told Defendants to cease communications and to cease collections (Exhibit C).  By continuing to communicate regarding this debt and demanding payment (Exhibit D), Defendants violated § 1692c(c) of the FDCPA.

18.	Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

4

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendants knew, or readily could have known, that Mr. Mejia was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendants, in writing (Exhibit C), that Mr. Mejia was represented by counsel, and had directed a cessation of communications with Mr. Mejia. By directly sending Mr. Mejia a collection letter (Exhibit D), despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Hugo Mejia, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Mejia, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Hugo Mejia, demands trial by jury.

                                           Hugo Mejia,

                                           By: /s/ David J. Philipps
                                           One of Plaintiff's Attorneys

Dated: April 18, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com